**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LAUREN ANNE RUDAKAS,

        Plaintiff,

v.                                                                      Case No. 6:16-cv-350-Orl-37DCI

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on Plaintiff's Unopposed Motion to Stay or, in the Alternative, Motion to Dismiss Without Prejudice (Doc. 41), filed February 13, 2017.

Defendant removed this uninsured motorist benefits action on February 29, 2016. A week later, Defendant answered the Complaint. (Doc. 9 ("**Answer**").) In due course, the Court issued a Case Management and Scheduling Order providing a discovery deadline of May 1, 2017. (Doc. 14 ("**CMSO**").) In the present motion, Plaintiff seeks an indefinite stay of all CMSO deadlines until such time that she is able to consult with doctors. (Doc. 41 "**Motion**").) As grounds, Plaintiff represents that: (1) she will be prejudiced and suffer irreparable harm if she is forced to proceed under the current deadlines in the CMSO; (2) a stay of the proceedings is the only way to ensure that the parties are not subjected to costly litigation while Plaintiff continues further treatment; and (3) Defendant does not oppose such relief. (*Id.* at 3–5.) Alternatively, Plaintiff requests that the Court dismiss the action without prejudice under Federal Rule of Civil Procedure 41(b). (*Id.* at 4.) Upon consideration, the Court finds that Plaintiff's requested relief is inappropriate, and the Motion is, therefore, due to be denied.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Although the Court recognizes Plaintiff's interest in avoiding potentially unnecessary and costly discovery, an unlimited stay of the proceedings is not the appropriate remedy. *See, e.g.*, *Prodoehl v. Strassner*, No. 07-0699-WS-B, 2008 WL 2782884, at *1 (S.D. Ala. Jul. 8, 2008) (denying plaintiff's motion to stay, in part, because plaintiff sought an indefinite extension of discovery deadlines).

Plaintiff's argument for dismissal under Rule 41(b) is equally unavailing, as that provision permits a *defendant* to move for dismissal of an action where a plaintiff has failed to prosecute or comply with a court order. Nevertheless, the Court will permit Plaintiff to voluntarily dismiss this action under Rule 41(a)(2) upon proper motion. *See Ter Maat v. Fla. Air Acad.-Melbourne, Inc.*, No. 6:08-cv-402-Orl-19GJK, 2008 WL 2397610, at *1 n.2 (M.D. Fla. June 10, 2008) (recognizing that once a Defendant has answered the complaint, a plaintiff must move the court for dismissal under Rule 42(a)(2)).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Unopposed Motion to Stay or, in the Alternative, Motion to Dismiss Without Prejudice (Doc. 41) is **DENIED**.

2. If Plaintiff chooses to pursue the alternative relief of dismissal, Plaintiff must file a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) on or before Tuesday, **February 28, 2017**,

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 15, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record